# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA SHELL and PHILIP SHELL, and the marital community comprised thereof, | NO.  2:16-cv-00021-SAB |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT** |
| FERRY COUNTY; FERRY COUNTY SHERIFF'S DEPARTMENT, SHERIFF PETE WARNER, DEPUTY TALON VENTURO, DEPUTY PATRICK RAINER, DEPUTY ODEGARD, DEPUTY WINDERS, PAMELA STODDARD, BRAD MILLER, VALERIE MACINTYRE, FORGET ME NOT ANIMAL SHELTER, KIM GILLEN, JOHN and/or JANE DOE(S), | |
| Defendants. | |

Before the Court is Defendants Forget Me Not Animal Shelter and Kim Gillen's Motion for Summary Judgment, ECF No. 16. A hearing on the motion was held on February 10, 2017. Douglas Phelps represented Plaintiffs; Paul Kirkpatrick and Tim Nault represented Defendants.

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 1**

**Motion Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Background Facts**

Generally, the Court is required to view the facts in the light most favorable to the non-moving party. In this case, Plaintiffs have not identified any material

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 2**

facts that are in dispute, nor provided any additional factual evidence in support of their claims. Accordingly, the following facts are taken from Defendants' Statements of Facts. *See* LR 56.

Defendant Forget Me Not Animal Shelter ("The Shelter") is a private, non-profit, charitable organization located in Republic, Washington, whose mission is to provide adoption and shelter services for animals. Defendant Kim Gillen is the volunteer executive director of the Shelter. The Shelter sometimes assists the Ferry County Sherriff's Department with stray animals or by helping with the animal that Department impounds. The Shelter is the only animal shelter in Ferry County.

At the time of the events in question, the process for dealing with stray dogs was that the Shelter would write up a form with the information about the stray dog, then email the form to the Sheriff's Department, who would issue an impound document and return the document to the Shelter. The impound document would have the breed, description, gender, approximate age, where it was found, and anything notable about the animal's physical condition or its temperament. The Shelter would then attempt to locate the owner of the stray by placing fliers where the dog was found, and also publicizing online in Facebook and to certain local groups. Although not specifically stated in the record, presumably if the owner is not found, the dog would be adopted out.

On January 16, 2013, a stray dog was found by an unnamed person, who brought the dog to a local veterinarian. The vet treated the dog and determined it was in poor condition because it was underfed, but also concluded it had not been running for long since there was no damage to his paws. The dog did have some frostbite, however. The vet brought the stray to the Shelter and employees/volunteers filled out the impound form and forwarded it to the Sheriff's department. The Shelter advertised that a stray had been found.

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 3**

On January 18, 2013, the Shelter received an anonymous phone message from a person indicating he believed he knew the owner of the stray. The caller also expressed concern about other dogs that may be in similar condition at the residence, as well as concern regarding the conditions of small children living at the residence. A volunteer at the Shelter remembered that Plaintiffs lived in that area and had pit bulls because they had requested assistance from the Shelter for dog food at one point. The Shelter then forwarded this information to the Sheriff's Department.

On January 25, 2013, deputies from the Sheriff's Department conducted a welfare check on Plaintiffs' property. They asked if volunteers from the Shelter would accompany them. Two volunteers went with the deputies to the property, assessed the animals and took pictures. Ultimately, they did not believe the animals were in immediate danger and no animals were seized. The deputies realized that two small children were alone in the house. Concerned, they called DSHS and the children were removed from the house.

Although not clear from the record, it appears that at some point, the stray dog was adopted out from the Shelter. Also, it appears the Shelter never contacted Plaintiffs that their stray dog had been located, notwithstanding the fact that Plaintiffs had previously contacted the Shelter, notifying it that one of their dogs had gotten loose and asking it to call them if it was found.

### Section 1983

To state a claim under § 1983, Plaintiffs must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015).

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 4**

### 1.    Constitutional Violation

Plaintiffs allege Defendants Forget Me Not Animal Shelter and Kim Gillen violated their constitutional procedural due process rights. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment" *Wolff v. McDonnell*, 418 U.S. 539, 557-558 (1974). The Supreme Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest. *Davis v. Scherer*, 468 U.S. 183, 202 (1984) (citations omitted).

### 2.    State Actor

"Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution of the laws of the United States." *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). The law presumes that a private actor's conduct is not under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Whether a private party engaged in state action is a highly factual question. *Brunette*, 294 F.3d at 1209. For purpose of constitutional analysis, an entity may be a state actor for some purposes, but not for others. *George v. Pacific-CSC Work Forlough*, 91 F.3d 1227, 1230 (9th Cir. 1996).

The Ninth Circuit has utilized a number of tests to determine whether a private actor's conduct rises to the level of state action for purposes of § 1983 liability. Plaintiffs assert Defendants' conduct meets the joint action test, the public function test, and/or the "Actual, Significant Nexus Test."

#### a.  Joint Action Test

To be engaged in joint action, a private party must be a "willful participant" with the State or its agents in an activity that deprives others of constitutional

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 5**

rights. *Brunette*, 294 F.3d at 1211. A private party is liable under this theory, however, only if its particular actions are "inextricably intertwined" with those of the government. *Id.* A conspiracy between the State and a private party to violate another's constitutional rights may satisfy the joint action test. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989). Evidence that police failed to exercise independent judgment will support an inference of conspiracy with a private party for purposes of establishing § 1983 liability. *Id.* Factors the Circuit has considered include whether there were joint planning activities or preplanning briefings, or whether the private party assisted in any of the state actor's tasks. *Brunette*, 294 F.3d at 1545.

b.    **Public Functions Test**

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quotation omitted). The public function test is satisfied only on a showing that the function at issue is "both traditionally and exclusively governmental." *Id.*

c.    **"Actual, Significant Nexus Test"**

The Ninth Circuit has recognized a "nexus" test, which asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095. Plaintiffs cite to a 1987 D. C. Circuit case, which states that "the crucial inquiry is whether an individual has an actual, significant nexus with the violating company, rather than whether the individual has exercised real authority." *See Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 611 (D.C. Cir. 1987). In applying this test, the courts look to whether the person who holds the

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 6**

title of an officer had actual and significant power to direct and affect the company operations. *Id.*

ANALYSIS

As set forth above, Plaintiffs must show that a state actor violated their constitutional rights. Based on the facts set forth above, they failed to do so. Consequently, because there are no questions of material fact, summary judgment in favor of Defendants Forget Me Not and Kim Gillen is appropriate.

Plaintiffs rely on the following facts to argue that Defendants Forget Me Not and Kim Gillen are state actors: (1) they report concerns about animal welfare to law enforcement; (2) they inform law enforcement when they take in stray dogs so law enforcement can impound the dog; and (3) they sometimes accompany law enforcement during investigations when there is concern about an animal's welfare. These facts are not sufficient under any of the tests used by the Ninth Circuit to establish that Defendants are state actors for purposes of § 1983 liability.

In the case cited by Plaintiffs, the animal shelter was a privately-run corporation that contracted with regional animal control authority to provide animal control services. *See Clark v. Tri-Cities Animal Care & Control Shelter*, 144 Wash. App. 185, 192 (2008).  The individuals associated with the corporation took oaths as animal control officers; animal control officers could only be employed by an animal care and control agency; as part of the oath, the employees of the corporation agreed to enforce the area's animal control regulations; and the corporation executed police powers in carrying out its duties, most notably impounding and destroying private citizens' pets. *Id.* Also, nearly the entire operating budget of the Shelter came from public money, and the corporation occupied space in a building rent-free, subsidized by the local government. *Id.* at 194. Other factors that weighed in on finding it a state actor included: it operated under a notable degree of governmental control; it operated with some government

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 7**

restrictions on how its government-provided facilities could be used; it was only permitted to provide euthanasia services in a manner approved by the animal control authority; and it was required to keep records and submit monthly reports to the authority. *Id.* at 195. Ultimately, the Washington Court of Appeals concluded the shelter was the functional equivalent of a public agency. *Id.* at 196.

None of these facts are present in this case. The undisputed facts show that The Shelter does not have any enforcement authority and operates on a volunteer basis. It is not clear in the record their funding source, but it does not appear to come from Ferry County or the Sheriff's Department. There does not appear to be any paid employees. There is nothing in the record that suggests that the Sheriff's Department controls how the Shelter operates. Plaintiffs have failed to produce any evidence showing that Defendants are state actors. Occasionally working with the Sheriff's Department to manage the stray population in Ferry County does not make The Shelter or Ms. Gillen state actors subject § 1983 liability. Consequently, because Defendants are not state actors, Plaintiffs' § 1983 claim against them fails.

Second, Plaintiffs have not demonstrated that Defendant Forget Me Not or Kim Gillen violated their constitutional rights. No animals were seized on January 28, 2016. There is nothing in the record to suggest that the two volunteers who accompanied the Sheriff Deputies did anything other than take photographs and evaluate the physical state of the dogs on the property. Even if this conduct rose to the level of a constitutional violation, these volunteers would need to be sued individually, rather than suing the Shelter and Kim Gillen in their official capacity.

To the extent Plaintiffs' claim is based on the relaying of the anonymous phone call to the Sheriff's Department regarding the concern for the welfare of the children and animals, such conduct does not rise to the level of a constitutional violation. While Plaintiffs may dispute the accuracy of the information that came

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 8**

from the caller, there is no allegation that the Shelter inaccurately relayed the information. There is nothing in the record that suggests that Shelter volunteers fabricated the information or intentionally provided false information to the Sheriff's Department.

To the extent Plaintiffs' claim is based on the failure to contact them when their dog was found, this allegation does not give rise to a constitutional violation. There is nothing in the record to suggest volunteers intentionally failed to notify Plaintiffs that their dog may have been found at the Shelter. And the record indicates that Plaintiffs did not go to the shelter to see if their dog was there. Plaintiff Jessica Shell explained they were too busy with the kids to do that. ECF No. 18. There is nothing in the record that sets forth the timeline from when the dog was found to when the dog was adopted. There simply is no factual basis to support this claim. Also, it is not clear that this claim is properly before the Court. There is nothing in the Amended Complaint that puts forth the factual basis for this claim, and the Due Process claims presented in the Amended Complaint do not indicate that the basis for the claim is the adopting out of the stray dog.

Plaintiffs have failed to establish that Defendants Forget Me Not Animal Shelter and Kim Gillen are state actors and failed to establish any basis in the record for the Court to find that these Defendants violated their constitutional rights. As such, summary judgment in favor of Defendants Forget Me Not Animal Shelter and Kim Gillen is appropriate.

//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1

2
     Accordingly, **IT IS HEREBY ORDERED:**

3
     1.  Defendants Forget Me Not Animal Shelter and Kim Gillen's Motion for

4
Summary Judgment, ECF No. 16, is **GRANTED**.

5
     **IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter

6
this Order and to provide copies to counsel.

7
     **DATED** this 13th day of February 2017.

8

9

10

11



12
          Stanley A. Bastian

13
       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANTS FORGET ME NOT ANIMAL
SHELTER AND KIM GILLEN'S MOTION FOR SUMMARY JUDGMENT
~ 10**